IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 05-cv-02221-LTB-CBS

LORENE BUTERA,

Plaintiff,

v.

JAMES LONGCOR and NASH FINCH COMPANY,

Defendants.
_____

ORDER
_____

The defendants move pursuant to Fed. R. Civ. P. 12(e) for a more definite statement of three of the plaintiff's claims – two for defamation and one for employment retaliation -- removed here from Colorado State court.  The motion is adequately briefed and oral arguments would not materially aid its resolution.  For the reasons stated below, I GRANT the motion in part and DENY it in part.

**I. Allegations**

The allegations of the Complaint, set forth in substantially the detail alleged, follow.  During the time period at issue, the defendant Nash Finch Company ("Nash Finch") owned grocery stores doing business under the trade name Avanza.  Beginning in August, 2002 it employed the plaintiff, Lorene Butera, to manage Avanza store number 403, located in Denver, Colorado ("Store 403").  Under Mr. Butera's oversight, Store 403 earned Nash Finch needed lucre; in 2004, it was the only profitable Avanza store in Colorado.

In 2004, hoping to sell the Avanza chain, Nash Finch offered its store managers retention

bonuses, designed to induce managers to remain on duty through the time of sale. On June 4, 2004, Mr. Butera entered into a Retention Bonus Agreement with Nash Finch, promising not to resign before December 31, 2004 in consideration of the promised bonus. On November 29, 2004, Mr. Butera commenced an authorized leave of absence. Upon his return, on February 24, 2005, Nash Finch fired him.

Nash Finch never paid to Mr. Butera the promised bonus. In May, 2005, it paid to the manager of another Avanza store a bonus of $30,000.

Mr. Butera alleges that the defendant James Longcor, then the regional manager of the Avanza chain in Colorado, defamed him and disparaged his work at Store 403. I set out these allegations in full because, while extensive, they are somewhat enigmatic.

> On information and belief, [Mr. Longcor's] statements were placed in Mr. Butera's personnel file as well as disseminated or discussed with other employees and managers within Nash-Finch. They include but are not limited to:
>
> > a. A discussion record dated October 2, 2004 accussing (sic) Mr. Butera of insubordination.
> > b. Written documentation of a November 10, 2004 meeting, including statements coerced from another employee by Longcor.
> > c. February 24, 2005 discussion record prepared by Longcor.
> > d. Written records from a meeting on November 29, 2005 between Longcor and Mr. Butera.
> > e. Discussions on an after November 19, 2005 with employees of Nash Finch.
>
> Mr. Longcor directed an investigation of Mr. Butera after he went out on leave under the Family Medical Leave Act, which included preparation and use of false statements which were ultimately published within the company via e-mail, into Mr. Butera's personel (sic) file, and to upper management.
>
> Jim Longcor directed Brad Mattson to take a Spanish speaking female employee into a room with no other employees or management present and direct her to write a false statement to be used against Mr. Butera.
>
> Mr. Mattson does not speak Spanish.

>The Spanish speaking employee was later interviewed on or about November 30, 2004 and a written record of that interview was created. Mr. Longcor was present in that interview. At that time, a bilingual employee was also present. The Spanish speaking employee stated that she did take lunch breaks but was told by Brad Mattson to come to the "DSD" office and write that she had not taken a lunch.
>
>On or about November 30, 2005 (sic), after taking numerous statements from Store 403 employees, Jim Longcor provided written statements to Nash Finch management about Mr. Butera. These statements were false, were known by Longcor to be false at the time made, and misrepresented the actual statements made by the employees. These included:
>
>>a. Mr. Longcor represented that Karen Cox stated Mr. Butera has been really different the past 6 months, seemed stressed out and grouchy. Mr. Longcor failed to state that he had no problems with Mr. Butera, stated that they were a good team, and that she was afraid to answer Mr. Longcor's questions.
>>
>>b. Mr. Longcor represented that Enedina Soto had improper lunch punches added to her time. Ms. Soto affirmatively stated on November 29, 2005 that she took lunch breaks and no improper punches were added by Mr. Butera.
>
>Longcor caused the preparation of written statements and documentation containing false statements to support the actions he took against Butera.
>
>Longcor attempted to and did coerce other employees including Alex Cortez, Brad Mattson, Enedina Soto, and Martha Fierro to make false statements or to modify statements to support his actions against Butera.
>
>The statements made by Longcor were published, were false, or were made with reckless disregard for the truth or falsity of the statements.
>
>If the false statements had not been made, Nash Finch would not have terminated Mr. Butera's employment.
>
>These false statements caused damage to Mr. Butera, including, but not limited to loss of his employment with Nash Finch.

Complaint ¶¶ 31- 42.

Mr. Butera alleges that Nash Finch republished many of Mr. Longcor's purportedly defamatory statements, knowing those statements to be untrue. He also alleges that Nash Finch and Mr. Longcor terminated his employment in retaliation for exercising his rights under the

Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA").

## II. Discussion

Mr. Butera's allegations of defamation, though detailed in many respects, neglect the content and identification of the allegedly defamatory statements. Nothing in the copious allegations enables the defendants to determine the words alleged to be untrue. *Walters v. Linhof*, 559 F. Supp. 1231, 1234 (D. Colo. 1983). Mr. Butera shall remedy this defect.

The defendants complain that they cannot, from the allegations contained in the Complaint, discern which of them is alleged to have retaliated against Mr. Butera for exercising his rights under the FMLA. Mr. Butera is permitted to plead in the alternative and may through discovery ascertain more precisely who, if anyone, is at fault. Fed. R. Civ. P. 8(e)(2).

Accordingly it is ORDERED that:

1) the defendant's motion for a more definite statement [Doc #7] is GRANTED in part and DENIED in part;

2) Mr. Butera shall, on or before January 13, 2006, identify or recite the defamatory statements on which the third and fourth claims for relief are grounded.

Dated: December  23 , 2005, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge